**Michael Anthony SMITH, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 02S00–8803–CR–340.

Supreme Court of Indiana.

March 6, 1989.

Barrie C. Tremper, Chief Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen. and Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Michael Anthony Smith was tried before a jury and convicted of burglary, a class B felony, Ind.Code § 35–43–2–1 (Burns 1985 Repl.), and receiving stolen property, a class D felony, Ind.Code § 35–43–4–2(b) (Burns 1985 Repl.). The trial court sentenced him to concurrent terms of twenty years for burglary and four years for receiving stolen property.

On direct appeal, Smith raises one issue: Whether the evidence of breaking is sufficient to support the burglary conviction.

The evidence at trial established that Smith borrowed a car from his cousin on May 12, 1986. Smith picked up Joyce Sanders and Tony Wimes before driving to the

home of Katherine Probst in Fort Wayne. Smith directed Sanders and Wimes to knock on the front door. They rang the doorbell three times but no one was home. Sanders and Wimes returned to the car and told Smith that nobody answered. All three went to the side door and entered the house. First they went upstairs to the bedrooms and took a camera, jewelry, a computer, and a television. Then they went to the dining room where they removed a silver set and all the silverware. It took them two or three trips to carry all the items to the car.

When Smith returned the car to his cousin, a home computer and television remained in the car, covered with a blanket. Smith's cousin was angry his car had been used in a "robbery". Smith removed the goods from his cousin's car, leaving only the blanket.

After lunch, Katherine Probst returned home to find that her house had been burglarized. The stolen items included a ring that belonged to Probst's son and a unique "Three Weaver" blanket that Probst kept on a couch. Probst identified the blanket that Smith left in his cousin's car as her blanket. When the police arrested Smith, he was wearing the ring that belonged to Probst's son.

Smith argues that the evidence is insufficient to show that he committed the "breaking" element of burglary. He maintains that the evidence does not preclude every reasonable hypothesis of innocence.

■ In reviewing sufficiency claims, this Court looks to the evidence favorable to the verdict, and, without reweighing the evidence or judging the credibility of the witnesses, we decide whether a reasonable person could find the existence of each element of the crime beyond a reasonable doubt. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

Some physical movement of a structural impediment is necessary to support a finding of a breaking. *Creasy v. State* (1988), Ind., 518 N.E.2d 785. The use of even the slightest force, such as the opening of an unlocked door, can constitute a breaking. *Trice v. State* (1986), Ind., 490 N.E.2d 757.

■ Probst testified that the perpetrator of the burglary entered the home through an unlocked side door in the garage. On direct examination she was asked:

Q. Were there any open doors?
A. Do you mean unlocked?
Q. Unlocked doors—yes?
A. Yes.
Q. And what door was unlocked?
A. The door in through the garage.

From this testimony the jury could reasonably infer that the door was closed but unlocked and that Smith opened the unlocked door to enter the house. This evidence is sufficient to establish a breaking.

■ Finally, Smith makes a cursory challenge to Joyce Sanders' testimony about the burglary. He claims the testimony is uncorroborated. Although the uncorroborated testimony of an accomplice is sufficient to support a conviction, *Griffin v. State* (1986), Ind., 501 N.E.2d 1077, Sanders' testimony is corroborated by the testimony of Smith's cousin and Probst's identification of the ring and blanket.

The trial court is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.