**Richard CALHOON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–0507–CR–633.**

Court of Appeals of Indiana.

Feb. 15, 2006.

Katherine A. Cornelius, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Scott Barnhart, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Richard Calhoon appeals from his conviction for Burglary,[1] a class C felony. Calhoon raises a number of issues, one of which we find dispositive: whether the evidence was insufficient to support his conviction. Finding that the evidence was insufficient because it did not establish that he used even the slightest force to gain entry to the premises, we reverse in part and remand to the trial court with instructions to vacate Calhoon's burglary conviction.

### FACTS

Rodney Bertram is part owner of Casey Bertram Construction, Inc. (CBC), which is located on East 25th Street in Indianapolis. At approximately 5:00 a.m. on January 21, 2005, Bertram was driving near CBC's headquarters when he noticed a Chevrolet pick-up truck on the premises. The truck was backed up to a building adjacent to CBC. Bertram was suspicious because it was so early in the morning and because the road was generally not heavily traveled.

Bertram traveled back and forth along I–70 several times to inspect CBC's property. He noticed that the truck was

---

1. Ind.Code § 35–43–2–1.

parked right next to CBC, and that it later moved to a gate where there was a hole in the fence. Bertram observed a person carrying things across CBC's property toward the truck. He immediately called 911, and after the police arrived, they found scrap copper, aluminum, and brass just outside the gate. On the gate, there was a "no trespassing" sign.

Calhoon and Matthew Bowman[2] were friends, and on January 21, 2005, Calhoon was "hanging out" at Bowman's house. Tr. p. 45. The two left the house after Calhoon indicated to Bowman that he knew where to obtain scrap metal. When the two men arrived at CBC, Bowman and Calhoon exited the truck and went around the fence to an area that was open and not enclosed. The men entered the property through the open, non-enclosed area. They located various piles of scrap and began taking the scrap to a hole in the fence and dropping it outside the fence. Calhoon and Bowman made several trips, carrying the metal to the hole in the fence. They were walking back to get more scrap when they noticed a police car and ran away. Bowman was eventually apprehended by a police dog. Calhoon was later detained by a police officer approximately one mile from CBC headquarters.

On January 25, 2005, the State charged Calhoon with class C felony burglary and class D felony theft.[3] On May 19, 2005, a jury convicted Calhoon on both counts. On June 10, 2005, the trial court sentenced Calhoon to four years for burglary and five hundred and forty-seven days for theft, with the sentences to run concurrently. Calhoon now appeals his burglary conviction.

*DISCUSSION AND DECISION*

Calhoon argues, among other things, that the evidence was insufficient to support his conviction for burglary. Specifically, he argues that the undisputed evidence showed that he did not "break" and enter CBC's property because, while the property was enclosed on three sides by a fence, he entered the property via the fourth, open, side.

As we consider this argument, we observe that in reviewing a claim of insufficient evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *McHenry v. State*, 820 N.E.2d 124, 125 (Ind.2005). We will affirm a defendant's conviction if there is substantial evidence of probative value to support the conclusion of the factfinder. *Huber v. State*, 805 N.E.2d 887, 890 (Ind.Ct.App. 2004). Moreover, a burglary conviction may rely on circumstantial evidence, and does not need to exclude every reasonable hypothesis of innocence so long as an inference may be reasonably drawn that supports the factfinder's conclusions. *Gray v. State*, 797 N.E.2d 333, 334 (Ind.Ct. App.2003).

Next, we note that Indiana Code section 35–43–2–1 provides that "[a] person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a Class C felony." Therefore, in order to convict Calhoon of the burglary as charged, the State bore the burden of proving that Calhoon broke and entered CBC's property with the intent to commit theft.

In addressing Calhoon's contention that the State failed to establish the element of "breaking" in this case, we note that our

---

**2.** Bowman pleaded guilty to theft and testified at Calhoon's trial as part of his plea agreement.

**3.** I.C. § 35–43–4–2.

Supreme Court has determined that the use of even the slightest force to gain entry establishes the breaking element in the offense of burglary. *Davis v. State,* 770 N.E.2d 319, 322 (Ind.2002). By way of illustration, in *Joy v. State,* 460 N.E.2d 551, 557–59 (Ind.Ct.App.1984), the evidence showed that the defendant's co-conspirators entered a lumberyard by either hopping over or cutting their way through the fence enclosing it. We determined that when Joy's co-conspirators gained entry, either by hopping over or cutting through the fence, they committed a breaking. *Id.* at 558–59. Specifically, this court noted that "we perceive no difference in our conclusion depending on how the [burglars] got past the fence. Whether they hopped over it, drove through it, or cut it with wire cutters is of no import." *Id.* at 559 n. 8.

In *McCovens v. State,* 539 N.E.2d 26, 29 (Ind.1989), our Supreme Court relied on *Joy* in considering factually similar circumstances. In *McCovens,* the defendant argued that the evidence was insufficient to sustain his conviction for burglary when it was demonstrated that he had climbed over—or squeezed through—a fence that surrounded business property. Ultimately, the court held that the fence surrounding the business was a "structure" pursuant to the burglary statute because its purpose was to protect the property on the premises. It also determined that a "breaking" had occurred when the defendant either climbed over the fence or squeezed through its sections. *Id.*

More recently, in *Gray v. State,* this court considered a factual situation wherein two men were found inside an area completely enclosed by a six-foot wire fence where cars were left overnight at a car repair shop. 797 N.E.2d at 334. Items were found to be missing from certain vehicles inside the fence. The defen-

dant contended that while the area in which he was found was completely enclosed, the fence enclosed only a portion of the business premises. Because the fence did not enclose the entire property, Gray contended that *Joy* should not have applied. We found that the fence was a structure even though it did not adjoin a building or completely surround the business. *Id.* at 335. Furthermore, we concluded that evidence establishing that Gray was found inside the enclosed area was sufficient to establish that he broke and entered the property even though the State did not prove precisely how Gray gained entry. In essence, we concluded that a reasonable inference could be drawn from Gray's presence inside a completely enclosed area that he must have climbed the fence or somehow gained unauthorized entry into the enclosed area.

■ Initially, we observe that all of the above cases concerned a fence that completely enclosed all, or a portion of, the premises at issue. The circumstances here are different, inasmuch as CBC's fence surrounded only three sides of its property, leaving the fourth completely open. We find it to be a dubious proposition that CBC's fence meets the *McCovens* definition of "structure" because it is unclear how the fence was designed to protect the property on the premises if it did not completely enclose the area.

Even if we accept for argument's sake that a three-sided fence is a structure, the evidence—circumstantial or otherwise— does not support a conclusion that Calhoon "broke" into the premises. To the contrary, Bowman testified that he and Calhoon merely walked onto the property from the side that was not fenced in. Tr. p. 67. Moreover, Bowman testified that he observed the hole in the fence as they approached it in the truck, and the State offered no evidence showing that either

Bowman or Calhoon was responsible for creating the hole in the fence. Hence, there is no evidence suggesting that they climbed over the fence, squeezed through an opening in the fence, or used even the slightest force to gain entry to the property. Tr. p. 68.

The State points to evidence showing that upon gaining entry to the property, Calhoon and Bowman began picking up scrap metal, taking it to a hole in the fence, and dropping it through the hole. Tr. p. 48–50. The State suggests that this evidence establishes that a breaking occurred. Appellee's Br. p. 6. But what matters for the purpose of the burglary statute is how the defendant *entered* the property, not how he *exited* the property. I.C. § 35–43–2–1. Here, the undisputed evidence shows that Bowman and Calhoon gained entry to the property without even the slightest use of force. That they dropped the scrap metal through a hole in the fence is of no moment, inasmuch as they did not "break and enter" in the first place. Thus, it is our conclusion that the evidence was insufficient to support Calhoon's conviction for burglary.[4]

We reverse the judgment of the trial court in part and remand with instructions to vacate Calhoon's burglary conviction.

NAJAM, J., and BAILEY, J., concur.

---

4. The State neither charged Calhoon with, nor sought to instruct the jury on, the lesser offense of trespassing.