**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JESSE R. DRUM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DILLON W. GRISSELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 90A02-1308-CR-737 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WELLS CIRCUIT COURT
The Honorable Kenton W. Kiracofe, Judge
Cause No. 90C01-1211-FC-33

**April 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Dillon W. Grissell appeals his convictions of two counts of class C felony Burglary,[1] as well as the sentence imposed by the trial court. Grissell raises the following issues for our review:

1. Was the evidence sufficient to support Grissell's convictions?

2. Did the trial court err in sentencing Grissell?

We affirm.

On the morning of October 31, 2012, Grissell drove Caleb Nieman to a farm in Warren. Grissell told Nieman that his uncle owned the farm and had given him permission to remove grain hopper wagons and sell them for scrap. The farm was actually owned by Rex and Michelle Banter, who did not know Grissell and had not given him permission to take the wagons. When they arrived at the farm, Nieman got out of the truck and opened the sliding doors on an older wooden barn. Grissell and Nieman took two hopper wagons from inside the barn, attached them to the hitch, and drove to Omni Source, a metal recycling company in Marion. Nieman went inside and, per Grissell's instructions, wrote "Uncle's barn" on the ticket as the source of the material. *Transcript* at 77. Omni Source paid Nieman for the wagons and Nieman, who believed Grissell was sharing the profit with his uncle, gave the money to Grissell.

Under the same pretext, Grissell drove Nieman to the Banter's farm again the next morning. This time, Grissell backed his truck up to a newer metal pole barn. Nieman opened

---

[1] Ind. Code Ann. § 35-43-2-1 (West, Westlaw current with all legislation of the 2nd Reg. Sess. of the 118th General Assembly (2014) with effective dates through May 1, 2014).

the metal sliding door, and the pair took a hopper wagon from the barn, attached it to Grissell's hitch, and drove to Omni Source. Nieman again wrote "Uncle's barn" on the ticket, and gave the proceeds of the sale to Grissell. *Id.* at 80. Later that day, Rex Banter discovered that the hopper wagons were missing and called the police.

About two weeks later, the State charged Grissell with two counts of class C felony burglary. At the conclusion of a two-day jury trial, Grissell was found guilty as charged. The trial court sentenced Grissell to consecutive terms of six years executed, resulting in a twelve-year aggregate sentence. Grissell now appeals.

1.

Grissell first argues that the State presented insufficient evidence to support his burglary convictions. In reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Atteberry v. State*, 911 N.E.2d 601 (Ind. Ct. App. 2009). Instead, we consider only the evidence supporting the conviction and the reasonable inferences to be drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, then the judgment will not be disturbed. *Baumgartner v. State*, 891 N.E.2d 1131 (Ind. Ct. App. 2008).

It is not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference may reasonably be drawn from it to support the conviction. *Drane v. State*, 867 N.E.2d 144 (Ind. 2007). Accordingly, the question on appeal is whether the inferences supporting the verdict were reasonable, not

3

whether other, "more reasonable" inferences could have been drawn. *Thompson v. State*, 804 N.E.2d 1146, 1150 (Ind. 2004). Because reaching alternative inferences is the function of the trier of fact, we may not reverse a conviction merely because a different inference might plausibly be drawn from the evidence. *Thompson v. State*, 804 N.E.2d 1146.

To support Grissell's class C felony burglary convictions, the State was required to prove that Grissell broke and entered the building or structure of another person with intent to commit a felony therein. I.C. § 35-43-2-1. Grissell first argues that the State failed to prove that he entered the Banters' barns with intent to commit the felony of theft. In support of this argument, Grissell directs our attention to his own testimony that he never told Nieman that the hopper wagons belonged to his uncle and that Nieman's testimony to that effect was a lie. This is nothing more than a request to reweigh the evidence and judge the credibility of witnesses. Nieman testified that Grissell told him that he had permission to take the grain wagons, which Grissell claimed belonged to his uncle. Nieman testified further that he did not keep any of the proceeds from Omni Source because he was under the impression that Grissell was splitting the money with his uncle. Moreover, Grissell's cellmate, Dustin Tumbleson, testified that Grissell told him that he had talked someone into helping him take the hopper wagons by telling him that his uncle was giving them to him to sell for scrap, and that Grissell was going to try to "turn the whole thing around on the other guy." *Transcript* at 106. This evidence was more than sufficient to support the jury's conclusion that Grissell entered the barns with the requisite intent.

Grissell also argues that the State failed to prove the element of breaking, at least with

4

respect to one of the burglary convictions. It is well settled that using even the slightest force to gain unauthorized entry satisfies the breaking element of burglary. *Keller v. State*, 987 N.E.2d 1099 (Ind. Ct. App. 2013). Indeed, "opening an unlocked door or pushing a door that is slightly ajar constitutes a breaking." *Id.* at 1118. In support of his argument, Grissell notes that Rex Banter testified that the front doors of the wooden barn were sliding doors, and the rear doors had been removed. Banter testified further that when he discovered that the wagons were missing, he saw tire tracks coming out of the rear of the building. According to Grissell, this testimony establishes the wagons taken from the wooden barn were removed through the open rear part of the barn and, consequently, no breaking occurred. Again, Grissell simply asks us to reweigh the evidence, judge the credibility of witnesses, and consider evidence unfavorable to the verdict. Nieman testified that he opened the sliding door to the wooden barn to gain access to the wagons. Because Nieman opened the front door to gain entry, whether the wagons were removed through the rear door is irrelevant. *See Calhoon v. State*, 842 N.E.2d 432, 436 (Ind. Ct. App. 2006) (noting that "what matters for the purpose of the burglary statute is how the defendant *entered* the property, not how he *exited* the property" (emphasis in original)); *see also Joy v. State*, 460 N.E.2d 551, 557 (Ind. Ct. App. 1984) (explaining that "the acts of a confederate in the commission of a crime may be imputed to a defendant who did not personally commit each and every element of the offense"). The evidence was sufficient to establish breaking. Accordingly, the State presented sufficient evidence to support Grissell's burglary convictions.

2.

5

Grissell also challenges his sentence. Although Grissell frames the issue as a challenge to the appropriateness of his sentence, his argument is almost entirely directed toward whether the trial court erred in identifying Grissell's failure to take responsibility for his crimes as an aggravating factor. In this manner, Grissell conflates two separate sentencing standards: whether the trial court abused its discretion in identifying mitigating and aggravating factors and whether Grissell's sentence is inappropriate pursuant to Indiana Appellate Rule 7. "As our Supreme Court has made clear, inappropriate sentence and abuse of discretion claims are to be analyzed separately." *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). Accordingly, "an inappropriate sentence analysis does not involve an argument that the trial court abused its discretion in sentencing the defendant." *Id.*

With respect to Grissell's argument concerning the trial court's consideration of an allegedly inappropriate aggravating factor, we note that sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* at 491 (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)). A trial court may abuse its sentencing discretion in a number of ways, including considering aggravating factors that are improper as a matter of law. *Anglemyer v. State*, 868 N.E.2d 482. If the trial court abuses its discretion in one of these or another way, remand for resentencing is the appropriate remedy "if we cannot say

6

with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491.

Grissell argues that the trial court abused its discretion in considering his failure to take responsibility for his crime as an aggravating factor. Grissell notes that he pleaded not guilty and maintained his innocence throughout trial, and he argues that his refusal to admit guilt or express remorse cannot be considered an aggravating factor. *See Kien v. State*, 782 N.E.2d 398, 412 (Ind. Ct. App. 2003) (noting that "it is not an aggravating factor for a defendant, in good faith, to consistently maintain his innocence through all stages of the criminal proceedings, including sentencing"), *trans. denied*. Even assuming the trial court abused its discretion in this regard, remand for resentencing is unwarranted. In its oral sentencing statement, the trial court identified three aggravating factors: (1) Grissell's history of criminal and delinquent behavior; (2) Grissell's recent violation of probation; and (3) Grissell's failure to take responsibility for his crimes. Based on our review of the sentencing statement, it is clear that the trial court attributed very significant weight to Grissell's history of criminal and delinquent behavior and gave Grissell's failure to take responsibility relatively little weight. We can therefore say with confidence that the trial court would have imposed the same sentence had it not considered this factor.

Turning now to Grissell's challenge to the appropriateness of his sentence, we note that although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by the trial court. *Alvies v. State*, 905 N.E.2d 57

(Ind. Ct. App. 2009) (citing *Anglemyer v. State*, 868 N.E.2d 482). This appellate authority is implemented through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Anglemyer v. State*, 868 N.E.2d at 491. Nevertheless, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). The appellant bears the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073

Grissell was convicted of two counts of class C felony burglary. Accordingly, the applicable sentencing range for each count was between two and eight years, with a four-year advisory sentence. Ind. Code Ann. § 35-50-2-6 (West, Westlaw current with all legislation of the 2nd Reg. Sess. of the 118th General Assembly (2014) with effective dates through May 1, 2014). Grissell was sentenced to consecutive terms of six years on each count, resulting in a twelve-year aggregate sentence.

The following two sentences comprise the entirety of Grissell's analysis on the question of whether his sentence is inappropriate: "Grissell's pastor and Grissell's father testified on Grissell's behalf. Grissell's father testified Griseel [sic] would have a place to live and employment if Grissell were free." *Appellant's Brief* at 14 (transcript citations omitted). Grissell has made no attempt to explain how these facts reflect positively on his

character. Moreover, he has made no argument whatsoever concerning the nature of his offenses. We therefore find his argument waived for failure to make a cogent argument. *See Perry v. State*, 921 N.E.2d 525, 528 (Ind. Ct. App. 2010) (noting that "it is well-established that a failure to make a cogent argument regarding the nature of the defendant's offense and the defendant's character results in waiver of the defendant's appropriateness claim").

Waiver notwithstanding, we cannot conclude that Grissell's sentence was inappropriate. Considering the nature of the offenses, we note that Grissell tricked Nieman, who was eighteen years old and had no history of criminal or delinquent behavior, into helping him carry out the burglaries. Considering Grissell's character, we note that Grissell was only eighteen years old at the time he committed the burglaries at issue here, but he already had a long history of committing similar offenses. As a juvenile, Grissell was twice adjudicated delinquent for acts that would be class C felony burglary if committed by an adult. Both of the adjudications involved the theft of scrap metal. In 2012, when he was eighteen years old, Grissell was charged with attempted burglary and attempted theft, again related to the attempted theft of scrap metal. Grissell pleaded guilty to attempted theft in return for the dismissal of the attempted burglary charge. Grissell committed the instant offenses within months of the attempted theft. Grissell also has a history of violating probation and conditions of bond. In sum, Grissell has displayed an uninterrupted pattern of criminal behavior that has not been deterred by contact with the criminal justice system. For all of these reasons, we cannot conclude that his twelve-year aggregate sentence for two counts of class C felony burglary is inappropriate.

Judgment affirmed.

MATHIAS, J., and PYLE, J., concur.