

**FILED**

May 26 2015, 8:58 am

_Kevin S. Smith_

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Amy D. Griner
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Willie B. Jenkins,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 26, 2015

Court of Appeals Case No.
20A04-1410-CR-489

Appeal from the Elkhart County
Circuit Court; The Honorable Terry
Shewmaker, Judge;
20C01-1401-FB-13

**May, Judge.**

[1] Willie Jenkins appeals his convictions for Class B felony robbery with a deadly weapon,[1] Class A felony burglary,[2] and Class B felony criminal confinement.[3] He presents three issues for our consideration:

1. Whether the State presented sufficient evidence Jenkins committed Class A felony burglary;

2. Whether Frankie Blackmon's testimony was incredibly dubious; and

3. Whether the trial court abused its discretion when it admitted a photograph of another man present at the crime.

[2] We affirm.

## Facts and Procedural History

[3] On December 6, 2013, Blackmon was at his apartment with his friend, Ebony Alexander. Sometime that evening, Alexander's boyfriend, Charles Holmes, knocked on Blackmon's door. Blackmon recognized Holmes and opened the door for him. As soon as Blackmon opened the door, Jenkins and Terron Roby pushed Holmes aside and entered the apartment. One of the intruders hit Blackmon on the head with a bottle, and the other hit him on the head with a pistol.

---

[1] Ind. Code § 35-42-5-1(1) (1984).

[2] Ind. Code § 35-43-2-1(2)(A) (1999).

[3] Ind. Code §§ 35-42-3-3(a)(1) & (b)(2)(A) (2002).

[4] Jenkins and Roby made Blackmon, Alexander, and Holmes lie on the floor, and they asked where money and marijuana were in the apartment. They also asked for the location of a person named "Boozy." (Tr. at 61.) Jenkins and Roby took two watches, two rings, medication, two cell phones, money, a small amount of marijuana, and Holmes' wallet from the apartment. They told Blackmon to not call the police and threatened to kill him and Holmes' child.

[5] A neighbor called the police. When police asked Blackmon to identify the intruders, he first acted as if he did not remember, and then he identified Jenkins in a photo array. Alexander and Holmes also identified Jenkins and Roby as the men who entered the apartment and robbed them. When police arrested Jenkins, he told officers, "he didn't rob anybody. He didn't kick in anybody's door. He didn't go up into anybody's apartment." (*Id.* at 152-3.) The police had not apprised Jenkins of the specific details of the crime prior to his statement.

[6] The State charged Jenkins with Class A felony burglary, Class B felony robbery, and Class B felony criminal confinement. At trial, Alexander and Holmes recanted their earlier identification of Jenkins. Alexander testified "the person [she] knew had dreads and stuff, so [she was] not a 100 percent sure." (*Id.* at 97.) Holmes testified he lied when he identified Jenkins as the perpetrator, and he did not want to testify at the trial. At trial, Blackmon identified Jenkins as one of the men who entered his apartment.

[7] Also during trial, over Jenkins' objection, the State admitted a picture taken from Roby's Facebook page. The picture depicted Roby with a bandana covering his face, holding a gun. A jury found Jenkins guilty of all counts.

## Discussion and Decision

### 1. Sufficiency of the Evidence

[8] When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the fact-finder's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the fact-finder's verdict. *Id.* We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the fact-finder's decision. *Id.* at 147.

[9] To prove Jenkins committed Class A felony burglary, the State was required to submit sufficient evidence he broke and entered Blackmon's apartment with the intent to commit a felony therein and the crime resulted in bodily injury. *See* Ind. Code § 35-43-2-1(2) (elements of Class A felony burglary) (1999). Jenkins

argues the State did not prove he broke into Blackmon's apartment, and thus his conviction must be reversed.

[10] "Using even the slightest force to gain unauthorized entry satisfies the breaking element of the crime." *Davis v. State*, 770 N.E.2d 319, 322 (Ind. 2002), *reh'g denied*. "For example, opening an unlocked door or pushing a door that is slightly ajar constitutes a breaking." *Id*. Walking through an open structure does not constitute "breaking" within the definition of the statute. *Cockerham v. State*, 246 Ind. 303, 204 N.E.2d 654, 657 (Ind. 1965), *reh'g denied*. While our Indiana Supreme Court has held "[s]ome physical movement of a structural impediment is necessary to support a finding of breaking," *Smith v. State*, 535 N.E.2d 117, 118 (Ind. 1989), it has also held the use of physical force against a victim to gain entry into a residence was sufficient to prove the element of "breaking" independent of "conclusive" evidence force was used to open the residence's door. *Bellmore v. State*, 602 N.E.2d 111, 124-25 (Ind. 1992), *reh'g denied*. The element of "breaking" can also be accomplished by forcing a person to open the door to a residence. *Dew v. State*, 439 N.E.2d 624, 625 (Ind. 1982).

[11] Jenkins argues the facts of the instant case are similar to those in *Calhoon v. State*, 842 N.E.2d 432 (Ind. Ct. App 2006), in which our court reversed Calhoon's conviction for burglary based on Calhoon's entry to a property via an opening in a fence because the evidence "did not establish that he used even the slightest force to gain entry to the premises." *Id*. at 433. *Calhoon* is distinguishable.

[12] In the instant case, Blackmon opened the door to his apartment after seeing Holmes through the peephole. However, as soon as the door opened, Jenkins and another man pushed Holmes to the side, hit Blackmon with a bottle and a pistol, and proceeded to steal items from Blackmon's apartment. While there was no conclusive evidence Jenkins used force *to open the door*, there existed sufficient evidence to prove he used physical force to move Holmes from the doorway and to subdue Blackmon. *See Bellmore*, 602 N.E.2d at 124-25 (use of force against victim, rather than door, sufficient to demonstrate breaking). Jenkins' arguments to the contrary are invitations for us to reweigh the evidence, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court will not reweigh evidence on appeal).

### *2. Incredible Dubiosity*

[13] Under the "incredible dubiosity rule" we may "impinge on the jury's responsibility to judge the credibility of the witness only when it has confronted 'inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity.'" *Rodgers v. State*, 422 N.E.2d 1211, 1213 (Ind. 1981). We will reverse a conviction if the sole witness presents inherently improbable testimony and there is no circumstantial evidence of the defendant's guilt. *White v. State*, 706 N.E.2d 1078, 1079-80 (Ind. 1999).

[14] Jenkins points to the fact that the trial testimony of two witnesses, Holmes and Alexander, was inconsistent with their pre-trial statements. "The fact that a witness gives trial testimony that contradicts earlier pre-trial statements does not necessarily render the trial testimony incredibly dubious." *Murray v. State*, 761

N.E.2d 406, 409 (Ind. 2002). Jenkins argues Blackmon's identification of him as one of the perpetrators of the crime was incredibly dubious because Alexander and Holmes recanted their pre-trial identification of Jenkins. However, we have consistently held the "uncorroborated testimony of a victim alone is sufficient to convict." *Mayo v. State*, 681 N.E.2d 689, 692 (Ind. 1997). That Alexander and Holmes presented inconsistent testimony is of no consequence. Finally, Jenkins directs us to nothing in Blackmon's testimony that would be "inherently improbable" and therefore Blackmon's testimony was not incredibly dubious. Jenkins' arguments are invitations for us to reweigh the evidence, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court will not reweigh evidence on appeal).

### 3. *Admission of Photograph*

[15] We typically review allegations of error in the admission of evidence for an abuse of discretion, which occurs only when the trial court's ruling is "clearly against the logic, facts, and circumstances presented." *Kindred v. State*, 973 N.E.2d 1245, 1252 (Ind. Ct. App. 2012), *trans. denied*. We consider only the evidence in favor of the trial court's ruling, *Sallee v. State*, 777 N.E.2d 1204, 1210 (Ind. Ct. App. 2002), *trans. denied*, and we will not reverse the decision to admit or exclude evidence if that decision is sustainable on any ground. *Crawford v. State*, 770 N.E.2d 775, 780 (Ind. 2002).

[16] Although Roby was tried separately, the State offered into evidence a photograph taken from Roby's Facebook page in which Roby has a cloth covering his face and is pointing a gun at the camera, which the State argued

was similar to the gun used during the crime and illustrated an action made in furtherance of an agreement between Jenkins and Roby to rob Blackmon. During trial Jenkins objected to the admission of the photograph and argued:

> The first is that any -- we already have testimony with respect to a gun being used in this case. It was described as silver. We have an individual who testified under oath that, in fact, was not the gun that was used in this case because it had been his gun. And it didn't look anything like the gun that was allegedly used in this case.

> It's overly prejudicial in that it has the shotgun in there that has nothing to do with this case, and that no one is claiming that that [sic] person in there is the defendant. It's somebody who may or may not be charged, and there's no nexus between that picture and my defendant. And we don't know when that picture was taken, who took that picture, who posted that picture.

(Tr. at 176-77.) However, on appeal, Jenkins bases his argument on Indiana Evidence Rule 404(b). As a party cannot make one argument to the trial court and then present a different argument on appeal, his argument is waived. *See Bryant v. State*, 802 N.E.2d 486, 496 (Ind. Ct. App. 2004) (appellant may not advance a different argument on appeal than was presented before the trial court), *trans. denied*.

[17] Waiver notwithstanding, the error was harmless. An error is harmless when "the conviction is supported by substantial independent evidence of guilt as to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the conviction." *Tolliver v. State*, 922 N.E.2d 1272, 1278 (Ind. Ct. App. 2010), *trans. denied*. Prior to trial, Holmes and Alexander identified Jenkins as the man who forcibly entered Blackmon's apartment. Blackmon identified Jenkins as one of the men who pushed Holmes

out of Blackmon's doorway, hit Blackmon in the head with a bottle, and hit him in the head with a pistol. A police officer who arrested Jenkins testified Jenkins knew details about the crime that had not been previously provided to him, such as the facts the incident happened at an apartment and a robbery occurred. Because of the substantial independent evidence of Jenkins' guilt, we see no substantial likelihood that a picture of a person other than the defendant with a gun could have contributed to Jenkins' conviction.

## Conclusion

[18] The State presented sufficient evidence Jenkins committed Class A felony burglary. Blackmon's testimony was not incredibly dubious, and any error in the admission of the picture of Jenkins' co-actor was harmless. Accordingly, we affirm.

[19] Affirmed.

Robb, J., and Mathias, J., concur.