## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 24 2016, 8:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jerry T. Drook
Marion, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Arturo Martinez, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 24, 2016 <br><br> Court of Appeals Case No. <br> 27A02-1511-CR-1981 <br><br> Appeal from the Grant Superior Court <br><br> The Honorable Warren Haas, Judge <br><br> Trial Court Cause No. <br> 27D03-1406-FD-244 <br> 27D03-1504-F6-133 |

**May, Judge.**

[1] Arturo Martinez, Jr. appeals his conviction after a jury trial of Level 6 felony attempted residential entry.[1] He argues the evidence was insufficient to support his conviction because the State did not prove he acted with the requisite intent or took a substantial step toward commission of the crime. Because the evidence was sufficient for the jury to find Martinez guilty beyond a reasonable doubt, we affirm.

## Facts and Procedural History

[2] On April 9, 2015, Amber Meeks lived close to a building where Martinez had been living for about a month. Sometime in the early evening, Meeks, Martinez, and their mutual acquaintance, Michael Shrout, chatted briefly. Meeks and Shrout then left to retrieve Meeks' vehicle.

[3] About thirty minutes later, Meeks and Shrout returned together in Meeks' vehicle. As they turned into the alley, the vehicle's headlights pointed directly at Meek's front door. Meeks and Shrout saw Martinez at her door on his knees holding a flashlight in one hand and some object in the other. Meeks described the object in his hand as a screwdriver, while Shrout was not able to identify it. Meeks shouted at Martinez and asked him what he was doing. He turned to face them and, without responding, ran to his apartment. Meeks and Shrout

---

[1] Ind. Code § 35-43-2-1.5.

both noticed fresh damage to the door, and Meeks called 911 to report a burglary.

[4] Officer Humberto Antonio Arauz responded to the call. Officer Arauz also noticed the damage to Meeks' door and agreed that it looked as if someone tried to pry the door open. Officer Arauz and another officer banged on Martinez's door and windows, but Martinez did not answer the door. Approximately twenty minutes later, Martinez exited his residence and explained to Officer Arauz that he took his trash out around 12:19 a.m. and heard Meeks yell, but thought that she was arguing with Shrout, so he went back inside.

[5] The State charged Martinez with Level 6 felony attempted residential entry. After a jury found him guilty, the trial court entered a judgment of conviction.

# Discussion and Decision

[6] When reviewing sufficiency of the evidence in support of a conviction, we consider only probative evidence in the light most favorable to the trial court's judgment. *Binkley v. State*, 654 N.E.2d 736, 737 (Ind. 2007), *reh'g denied*. The verdict comes before us with a presumption of legitimacy, and we will not substitute our judgment for that of the jury. *Id.*

> We do not assess witness credibility, nor do we reweigh the evidence to determine if it was sufficient to support a conviction. Under our appellate system, those roles are reserved for the finder of fact . . . . [We] affirm the conviction unless no

reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. This evidence need not overcome every reasonable hypothesis of innocence; it is sufficient so long as an inference may reasonably be drawn from it to support the verdict.

*Pillow v. State*, 986 N.E.2d 343, 344-45 (Ind. Ct. App. 2013) (internal citations and quotations omitted).

[7] The elements of Level 6 felony attempted residential entry are met when a person knowingly or intentionally performs a substantial step toward breaking and entering the dwelling of another. Ind. Code § 35-41-5-1 (attempt); Ind. Code § 35-43-2-1.5 (residential entry). A substantial step is any overt act beyond mere preparation and in furtherance of an intent to commit the crime. *Williams v. State,* 685 N.E.2d 730, 734 (Ind. Ct. App. 1997). To show a breaking occurred, the State need only introduce evidence that the slightest force was used, which could even be pushing open a slightly ajar door. *Jenkins v. State*, 34 N.E.3d 258, 261 (Ind. Ct. App. 2015), *trans. denied*.

[8] Martinez argues the evidence was insufficient for two reasons. First, he contends there was a lack of evidence he intended to break and enter Meeks' house. Second, he claims his actions were not a substantial step. In support thereof, he notes no tool was conclusively identified, and Meeks and Shrout did not see him prying on the door. He contends his presence near Meeks' door, without more, is not enough to prove the elements of attempted residential entry beyond a reasonable doubt. While true, there is more.

[9]     The facts most favorable to the judgment show that Martinez knew Meeks and Shrout would be gone.  Meeks and Shrout both saw Martinez directly in front of Meeks' door on his knees with a flashlight and some other object in his hand.  Martinez "took off running" back to his apartment when Meeks yelled at him.  (Tr. 38).  There was fresh damage to the door as if someone had tried to pry it open.

[10]    The evidence is not insufficient simply because the object in Martinez's hand was not conclusively identified.  *See Word v. State*, 261 N.E.2d 225, 227 (Ind. 1970) (sufficient evidence to establish a breaking where a screwdriver was used to gain entry to a car leaving pry marks on the door, even though no eyewitness conclusively identified the object, proved the pry marks were made when Word entered, or proved the screwdriver belonged to him).  Nor is the evidence insufficient simply because they did not see him prying, when he had a tool and left pry marks on the door.  *See Jenkins*, 34 N.E.3d at 261 (pushing open a slightly ajar door is breaking).  Rather, from the evidence presented, the jury could reasonably infer Martinez knowingly or intentionally performed the substantial step of prying on the door for the purpose of breaking and entering into Meeks' dwelling.  *See Peak v. State*, 520 N.E.2d 465, 467-68 (Ind. Ct. App. 1988) (sufficient evidence supported attempt to break and enter where Peak was unsuccessful in kicking down door and fled after seeing police).  Martinez's arguments are an invitation to reweigh the evidence, which we cannot do.  *See Pillow*, 986 N.E.2d at 344-45.

# Conclusion

[11] Sufficient evidence supported Martinez's conviction of Level 6 felony attempted residential entry. Accordingly, we affirm.

[12] Affirmed.

Baker, J., and Brown, J., concur.