## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 17 2016, 8:34 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kevin Wild
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Parrish,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | November 17, 2016<br><br>Court of Appeals Case No.<br>49A05-1604-CR-794<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Kurt M. Eisgruber, Judge<br><br>Trial Court Cause No.<br>49G01-1403-FA-11089 |

**Crone, Judge.**

## Case Summary

Michael Parrish appeals his convictions for class A felony burglary and two counts of class B felony criminal deviate conduct following a bench trial. He argues that the evidence is insufficient to support his convictions. Concluding that the evidence is sufficient, we affirm.

## Facts and Procedural History

One morning in February 2014, D.K.P. was at her home alone asleep in bed, when she heard a knock on the door. D.K.P. got up to answer the door and saw Parrish standing outside wearing a black snowsuit. She said, "Hi," and "the next thing [she knew she] was pushed up against the wall with a knife to [her] throat." Tr. at 9. Parrish told her that if she screamed, he would kill her. Parrish grabbed D.K.P. by the hair and made her walk with him into each room in the house to make sure that no one else was there. Parrish continued to hold the knife, but D.K.P. was not always aware of where the knife was and did not always feel it touching her body. *Id*. at 46. When they were finished looking in the bedrooms, he stopped her near a television and rubbed her in the "vaginal area" over the sweatpants that she was wearing. *Id*. at 12. He pushed his fingers into her vagina and asked her if she "had a tight pussy." *Id*. at 13.

D.K.P heard Parrish talking on a phone and telling someone they could come inside. Still holding D.K.P. by the hair, Parrish directed her to her bedroom. When he discovered that she had two dogs, he became angry. He released D.K.P. so that she could put one of her dogs into a bedroom closet. The other

dog hid under a couch. Parrish continued to hold D.K.P. while he and an accomplice looked through the drawers of the nightstands, and Parrish made D.K.P. give him the money from her wallet. Parrish took D.K.P. to another bedroom, bent her over, and pushed her head to the floor. He pulled down her pants and placed his fingers inside her vagina. He also inserted something into her anus. Then he tied her up with a cord, kicked her in the ribs a couple times, and punched her in the face. He left, and D.K.P. heard the sound of people running out of the house. One of Parrish's accomplices saw Parrish stick his finger under another accomplice's nose and heard him make "a reference to the woman's smell." *Id*. at 85.

[4] Eventually, D.K.P. was able to escape and call 911 from a neighbor's home. Many of D.K.P.'s possessions were gone, including her large screen television, phone, iPad, two cameras, guns, laptops, a radio, and various tools. D.K.P. went to the hospital. She had suffered "some cuts" along "her breast area," "bumps on the back of her head," " a black eye," and bruising on the side of her face. *Id*. at 38. A medical exam showed that she had three injuries to her "female genital area" and three fissures to her anus. *Id*. at 163.

[5] The State charged Parrish with one count of class A felony burglary, two counts of class B felony robbery, two counts of class B felony criminal confinement, one count of class C felony battery, one count of class A misdemeanor battery, one count of class C felony intimidation, and three counts of class A felony criminal deviate conduct. Following a bench trial, the trial court found Parrish guilty on all counts and entered judgment of conviction for class A felony

burglary, class C felony robbery, two counts of class B felony criminal confinement, two counts of class A misdemeanor battery, one count of class D felony sexual battery, and two counts of class B felony criminal deviate conduct. The trial court vacated one count of class B felony robbery and the count for class C felony intimidation. The trial court sentenced Parrish to an aggregate term of sixty years. This appeal ensued.

## Discussion and Decision

[6] Parrish challenges the sufficiency of the evidence supporting his convictions for class A felony burglary and two counts of class B felony criminal deviate conduct. In reviewing a claim of insufficient evidence, we do not reweigh the evidence or judge the credibility of witnesses, and we consider only the evidence that supports the judgment and the reasonable inferences arising therefrom. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). "We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt." *Id.*

## Section 1 – Sufficient evidence supports Parrish's burglary conviction.

[7] To convict Parrish of class A felony burglary, the State was required to prove beyond a reasonable doubt that he, while armed with a deadly weapon, broke and entered D.K.P.'s home with the intent to commit theft, resulting in bodily

injury. *See* Appellant's App. at 51; Ind. Code § 35-43-2-1. Parrish's sole argument is that the State failed to prove the element of breaking and entering.

[8] "'Using even the slightest force to gain unauthorized entry satisfies the breaking element of the crime.'" *Hall v. State*, 870 N.E.2d 449, 462-63 (Ind. Ct. App. 2007) (quoting *Davis v. State*, 770 N.E.2d 319, 322 (Ind. 2002)), *trans. denied*. As another panel of this Court has noted,

> While our Indiana Supreme Court has held "[s]ome physical movement of a structural impediment is necessary to support a finding of breaking," *Smith v. State*, 535 N.E.2d 117, 118 (Ind. 1989), it has also held the use of physical force against a victim to gain entry into a residence was sufficient to prove the element of "breaking" independent of "conclusive" evidence force was used to open the residence's door. *Dew v. State*, 439 N.E.2d 624, 625 (Ind. 1982).

*Jenkins v. State*, 34 N.E.3d 258, 261-62 (Ind. Ct. App. 2015), *trans. denied*.

[9] Here, D.K.P testified that she opened the door and said, "Hi," and then Parrish immediately pushed her out of the doorway, pushed her against a wall inside the house, and held a knife to her throat. This is sufficient evidence to establish the breaking and entering element of burglary. *See Anderson v. State*, 37 N.E.3d 972, 975 (Ind. Ct. App. 2015) (concluding that even when victim voluntarily opens door, rushing that person to gain unauthorized entry into a dwelling is sufficient evidence of breaking element), *trans. denied*; *Jenkins*, 34 N.E.3d at 262 (concluding that evidence showing that when victim opened door to his apartment, Jenkins pushed another man aside, entered the apartment, and hit

victim on the head with a bottle and Jenkins's companion hit victim with a pistol was sufficient to prove breaking element). Parrish's argument is merely a request to reweigh evidence and judge witness credibility, which we must decline. *See Bailey*, 907 N.E.2d at 1005.

## Section 2 – Sufficient evidence supports Parrish's criminal deviate conduct convictions.

[10] To convict Parrish of class B felony criminal deviate conduct, the State was required to prove beyond a reasonable doubt that Parrish knowingly or intentionally compelled D.K.P. by force or imminent threat of force to perform or submit to deviate sexual conduct. *See* Ind. Code § 35-42-4-2(a). The definition of "deviate sexual conduct" includes an act involving the penetration of the sex organ or anus of a person by an object. Ind. Code § 35-31.5-2-94.

[11] Parrish contends that the evidence is insufficient to prove that he committed deviate sexual conduct. He concedes that D.K.P.'s "testimony appears to provide more than an inference to support" his convictions, but he asserts that "such an inference is not reasonable in this case, and the mere fact she said it happened is not sufficient evidence to overcome a practical and physical impossibility." Appellant's Br. at 17. Specifically, Parrish argues that because he was holding her by the hair and holding the knife the whole time, he did not have a free hand available to commit the offenses. We disagree.

[12] First, D.K.P.'s testimony alone is sufficient to support Parrish's convictions. *See Johnson v. State*, 837 N.E.2d 209, 214 (Ind. Ct. App. 2005) ("The

uncorroborated testimony of the victim is sufficient to sustain a criminal conviction."), *trans. denied* (2006). Second, D.K.P.'s testimony is corroborated by other evidence. One of Parrish's accomplices testified that after they left the house, Parrish placed his fingers under someone's nose and made "a reference to the woman's smell." Tr. at 85. Also, the medical exam showed that D.K.P. had three injuries to her "female genital area" and three fissures to her anus. *Id.* at 163.

[13] Finally, Parrish undercuts his own impossibility argument by asserting that he "put his hands in her pants prior to leaving the house only because he thought she was trying to hide something in them, and he did it to get the item which he stated was a plastic sleeve of pictures and cards." Appellant's Br. at 15. If Parrish was able to do this, then it was not impossible for him to commit the offenses. Simply put, it is not impossible that Parrish secured the knife for short periods of time while he was holding D.K.P.'s hair. His argument again is an invitation to reweigh evidence and judge witness credibility, which we must decline. *See Bailey*, 907 N.E.2d at 1005.

[14] Based on the foregoing, we affirm Parrish's convictions.

[15] Affirmed.

Kirsch, J., and May, J., concur.